No. 2397
Second Circuit Appeal

W. REID WILLIAMS v. W. P. RAMSEY

(June 6, 1925, Opinion and Decree.)

(*Syllabus by the Editor.*)

1. **Louisiana Digest—Master and Servant— Par. 160 (I).**

Under the Employers' Liability Act No. 20 of 1914, where an injured employee failed to prove partial disability, although his leg was slightly injured, the judgment of the lower court granting small compensation and medical fees is affirmed.

(See Section 8, Subsections 1 (c) and 5, of Act 20 of 1914. Editor's note.)

Appeal from First Judicial District Court of Louisiana, Parish of Caddo. Hon. J. H. Stephens, Judge.

This is a suit to recover compensation for an injured employee under the Employers' Liability Act No. 20 of 1914.

There was judgment for plaintiff and plaintiff appealed.

Judgment amended and affirmed.

Long & Crow, attorneys for plaintiff, appellant.

J. S. Atkinson, Alex F. Smith, attorneys for defendant, appellee.

ODOM, J. Plaintiff was working for defendant as a millwright and was earning wages which averaged $35 per week. On the 7th day of October, 1924, he was walking a gang-plank which broke and caused him to fall.

In the fall he sustained an injury to his left leg between the ankle and knee which he described as follows: He says that the skin on the shin was split to the bone for a distance of about an inch and a half, and he says that it was so completely cut to the bone that he saw the bone in his leg.

He complains that he has been permanently partially disabled, and alleges that he is now able to earn no more than $10 per week, and brings this suit to recover $18 per week for 300 weeks.

The defendant answered the suit and admitted that on the occasion named the plaintiff did receive a slight injury to his leg which, defendant says, amounted to but little; and he denies that he owes plaintiff anything on account of said injury.

And he further sets up that plaintiff is not disabled on account of said injury.

The District Judge arwarded plaintiff compensation at $19.50 per week for 20 weeks, and an additional sum of $150 for medical fees.

From this judgment plaintiff appealed. The defendant did not appeal, nor has he answered the appeal or moved an amendment of the judgment.

### OPINION

The defendant, in this court, suggested to the court that the plaintiff, since the appeal was perfected, has acquiesced in the judgment of the lower court by collecting the full amount of the judgment obtained, with costs, and that the case should be remanded to the lower court to take evidence on the question of acquiescence.

When this request was made in this court counsel for plaintiff admitted that he had collected the full amount of the judgment.

Whereupon counsel for defendant asked that the appeal be dismissed, because plaintiff had acquiesced in the judgment.

According to the view which we take of this case, it is not necessary for us to pass on the question whether the appeal should be dismissed.

We have carefully reviewed the testimony and have reached the conclusion that the judgment appealed from is correct and should therefore be affirmed.

Plaintiff alleged that he is partially disabled to do work of any reasonable character and has asked the court to fix his compensation at $18 per week for 300 weeks, or not to exceed 300 weeks.

Under the testimony in this case the court could not fix compensation to be paid during disability as is provided under the Workmen's Compensation Act, for the reason that the testimony fails to show that plaintiff was disabled by the accident which he sustained.

He was working as a millwright and had partially completed the work for which he was employed when he received the accident. He continued to work in the same capacity and at the same wage for a period of 60 days immediately following the date of the accident and did not cease to work until his work was completed. This is according to his own testimony. He further testified that when that particular work was completed the defendant had nothing further for him to do and that he obtained work as a carpenter with the School Board of Caddo Parish and that he continued to work for the School Board and received as compensation 66 2-3 cents an hour for some jobs and 75 cents an hour for other jobs He states, however, that he did not work continuously; that he had to lay off at times on account of the injured leg. However, he says that he was able to do work and did render satisfactory services not only to the defendant for 60 days immediately following the accident but also to the School Board practically up to the time of the trial of this case. While he states that he did not work continuously on account of the injury to his leg, which, he says, pains him considerably, yet the superintendent of construction for th Caddo Parish School Board says that so far as he knows the plaintiff worked as a carpenter all the time when they had

work for him to do. He states, however, that he did not have work to occupy his men during all of their time.

In order for the court to award compensation to plaintiff during his disability, the court would necessarily have to find that plaintiff was disabled to some extent. The testimony in this case does not show that plaintiff is disabled. The plaintiff himself testifies that his leg pains him considerably and especially at night and that he cannot stand on it for a great length of time. The testimony developed the fact that he had received another injury to the same leg only a short time prior to the trial of this case, and it is difficult to tell whether his present suffering resulted from the first or from the second injury.

At the time he received the second injury he was not employed by defendant but was working as a carpenter for the Caddo Parish School Board.

Two radiologists made pictures of plaintiff's leg, both of which show that there is no injury to the bone of plaintiff's leg Others doctors testify that there was no injury to the bone but that there was injury to the periosteum and that plaintiff's trouble now is what is called periostitis and that there is a congestion at the place of injury.

Doctor A. P. Crain testified that he had very recently examined the plaintiff's leg and stated that there was nothing serious the matter with it and that if the plaintiff would rest for two months the trouble would entirely disappear. He furthermore stated that with a slight operation and with one month's rest he would entirely recover. He says that plaintiff's trouble amounts to no more than a sore leg which is very common and very easily cured.

The District Judge awarded plaintiff $19.50 per week for 20 weeks and also

$150 for medical fees. We understand' that the District Judge considered that it would take probably 20 weeks for plaintiff to recover and that the fee for the operation would probably be $150. For these reasons he awarded compensation as stated. We think the District Judge has done all for the plaintiff that the testimony warrants He could not grant him compensation for partial disability for the reason that the testimony does not show that plaintiff is partially disabled.

We think the plaintiff has gained every advantage from this law suit which the present situation, as shown by the testimony, warrants. Inasmuch, though, as the wound has not yet healed and it is a matter of doubt what the ultimate result of it will be, we think it proper to reserve to plaintiff the right to claim further compensation should the wound hereafter produce disability.

For the reasons assigned, it is ordered adjudged and decreed that the judgment appealed from be affirmed, with reservation to plaintiff to claim further compensation should disability result from the wound complained of.

———

(ON APPLICATION FOR A PER CURIAM)

ODOM, J. Counsel for plaintiff has filed an application in this case asking that the court add a per curiam to its judgment.

We think our opinion in the case is clear and will not be misunderstood and that plaintiff's rights are fully protected.

For these reasons the plaintiff's application is denied.